HEARD NOVEMBER TERM, 1879.

CASE No. 775.

W. A. ROGERS v. E. W. NASH, ADMINISTRATOR.

1. When the appellant fails to furnish the presiding judge with a copy of his exceptions within ten days after the rising of the court at which the judgment was rendered, the appeal will be dismissed on motion. 16 *Stat.* 698.
2. When appellant fails to serve his case and exceptions within thirty days after giving his notice of appeal, the appeal will be dismissed on motion.

---

* This is the last appearance of Judge Haskell's name as associate justice, he having resigned his office December 5th, 1879.

Motion to dismiss appeal from decree of ALDRICH, J., Green-ville, July, 1879.

This was an equity cause, heard on exceptions to the master's report, and decree rendered in open court, July 17th, 1879, during the term. It does not appear when the term was ad-journed. Notice of appeal was given to respondent July 22d, judgment was entered August 9th, and the case, with exceptions, was served August 30th. The exceptions raised legal questions only.

*Mr. W. L. Wait,* for the motion.

*Mr. D. R. Speer,* contra.

December 10th, 1879. The opinion was delivered

PER CURIAM. The respondent moves to dismiss the appeal and shows that the appellant did not furnish the presiding judge with a copy of the exceptions within ten days after the rising of the court. The statute (16 *Stat.* 698), imperatively requires that such service shall be made within ten days after the rising of the court, and declares that if not so done the appeal shall be deemed to be waived. This statute does not profess to be an amendment to the code, so that the provisions of the code in relation to enlarging time and curing defects and irregularities, may have an application to it, but excludes that right, in this instance, by providing for its exercise in one of the instances provided for in the statute, but not in the case of a failure to take exceptions within ten days after the rising of the court. It follows that the appeal must be deemed waived, although it is competent for the respondent to ask the dismissal of the appeal.

It also appears that the appellant failed to serve the respond-ent with a copy of the case and exceptions within thirty days after serving his notice of appeal. This is also required by the statute, to which reference has already been made. The statute allows the enlargement of the time for serving the case and exceptions, but that must be accomplished in the manner pointed out in the act. As there has been no enlargement of the time,

according to the provisions of the act, the appeal must be deemed waived under the provisions of the act, and the appeal must be dismissed on the last-named ground as well as upon that previously considered.

The motion must be granted and the appeal dismissed.

Motion granted.